UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL D. DRESDNER,<br><br>             Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY JAIL AND SHERIFFS,<br><br>             Defendants. | No.  2:23-cv-2038 KJN P<br><br><br><br>ORDER |

Plaintiff proceeds pro se and alleges wrongful death of an unidentified inmate while incarcerated in the Sacramento County Main Jail.  Plaintiff seeks relief under the Eighth Amendment based on federal question jurisdiction and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to

28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Initially, plaintiff's pleading is deficient in that plaintiff alleges no facts demonstrating she is authorized to act on the decedent's behalf; indeed, she fails to identify the name of the deceased inmate or her relationship with the decedent.  Under § 1983, a claim that accrues before an individual's death is only cognizable if state law would allow the claim to go forward as a survival action.  Tatum v. City County of S.F., 441 F.3d 1090, 1093 n.2 (9th Cir. 2006).[1]  Thus, it is not clear plaintiff may bring this action on behalf of decedent.

Also, even if plaintiff may pursue an action on behalf of decedent, she cannot proceed with this action until at least one viable defendant is named.  Here, plaintiff names only the Sacramento County Jail and Sheriffs.  But plaintiff includes no charging allegations as to such defendants.  Thus, plaintiff's complaint must be dismissed so that proper defendants may be named.

In addition, it is unclear if plaintiff's putative claims are appropriately governed by the Eighth Amendment as pled.

A pretrial detainee's rights arise under the Fourteenth Amendment's Due Process Clause whereas a convicted prisoner's rights arise under the Eighth Amendment's Cruel and Unusual Punishments Clause.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process

---

[1] "A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action. See 42 U.S.C. § 1988(a); Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998). Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. See Cal. Civ. P. Code § 377.30. Where there is no personal representative for the estate, the decedent's "successor in interest" may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law, which Tatum did here. See Cal. Civ. P. Code §§ 377.30, 377.32." Tatum, 441 F.3d at 1094 n.2.

Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."); Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) ("[M]edical care claims brought by pretrial detainees also 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause'" (quoting Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1069-70 (9th Cir. 2016))); see also Castro, 833 F.3d at 1067-68 ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.").

Thus, if the decedent was held in the county jail as a pretrial detainee, the Fourteenth Amendment would govern. See, e.g., Anderson v. County of Fresno, No. 1:21-cv-1134 ADA SAB, 2023 WL 2761168 (E.D. Cal. Apr. 2, 2023) (raising Fourteenth Amendment claims resulting from death of jail inmate). If the decedent had been convicted, then the Eighth Amendment would govern. Castro, 833 F.3d at 1067-68.

Finally, plaintiff's general claim of "wrongful death" is conclusory and devoid of specific facts for the court to determine whether the pleading states a cognizable claim. Plaintiff also fails to tie individual defendants to the alleged acts or omissions that purportedly caused the death. The facts and circumstances surrounding the decedent's death are necessary to evaluate plaintiff's claim. For example, if the death was related to medical care in the jail, factual allegations should address the elements of a putative medical care claim under the due process clause of the Fourteenth Amendment:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case.

Gordon, 888 F.3d at 1125. Plaintiff does not include any California state law claims in her

3

complaint, but she is cautioned that if she intends to pursue such state law claims, she is required to comply with the claim-presentment requirement of the California Tort Claims Act ("CTCA"), Cal. Gov't Code § 945.4 et seq.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a nonprisoner.

Dated:  February 6, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dres2038.14n

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL D. DRESDNER,<br><br>        Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY JAIL AND SHERIFFS,<br><br>        Defendants. | No. 2:23-cv-2038 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed_____.

_____        Amended Complaint

DATED:

                                       _____
                                       Plaintiff