UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL D. DRESDNER, et al., | No. 2:23-cv-2038 DAD CSK P |
| Plaintiffs, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiffs proceed pro se and allege the wrongful death of inmate Kevin Dresdner while he was incarcerated in the Sacramento County Main Jail. Plaintiff Cheryl D. Dresdner, decedent's widow, was granted leave to proceed in forma pauperis. (ECF No. 6.) Plaintiffs seek relief under the Eighth Amendment based on federal question jurisdiction. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiffs' first amended complaint is before the Court. As discussed below, the first amended complaint is dismissed with leave to amend.

I.  BACKGROUND

The original complaint was dismissed based on myriad pleading deficiencies, including failures to (a) identify the decedent, (b) explain the connection to the decedent, (c) indicate whether the decedent was a pretrial detainee or convicted felon, (d) include any charging allegations as to the named defendants Sacramento County Jail and Sheriffs, and (e) include any

1

specific facts surrounding the decedent's death for the Court to determine whether plaintiff Cheryl D. Dresdner could state a cognizable federal civil rights claim in connection with the decedent's death. (ECF No. 6.)

After being granted an extension of time, plaintiffs filed a first amended complaint ("FAC") adding the decedent's two children as plaintiffs. (ECF No. 11.) The Clerk of the Court is directed to add these new plaintiffs to the Court's docket.

II.     FIRST AMENDED COMPLAINT

Plaintiffs Cheryl D. Dresdner, widow of Kevin Dresdner, and their two children, Zachary A. Dresdner and Chelsey N. Dresdner, allege that decedent's "death was caused by negligence resulting in wrongful death." (ECF No. 11 at 5.) It is unclear whether the children are minors, although both of them have addresses different from their mother and each other. (Id. at 2, 7.) Plaintiffs claim decedent's "unknown cellmate" found decedent unresponsive in their shared cell. Plaintiffs accuse the jail of violating the decedent's civil rights and "negligence in monitoring care for inmate." (Id. at 9.) Plaintiffs allege "medical care was delayed," "insignificant monitor[ing] while incarcerated," decedent was "physically harmed or assaulted while in custody," "failure to provide proper medical care," "jail acted in reckless disregard to [decedent] as an in custody inmate," decedent's "body was manhandled," there was an "incomplete investigation by all medical staff, Sheriff Jim Cooper, all jail staff, Inspector General, County of Sacramento, District Attorney and Does 1-25," and there were "omissions in reporting incident before and after death." (Id.)

Plaintiffs seek monetary damages. As defendants, plaintiffs name Jim Cooper, Sacramento County Sheriff; the Sacramento County Main Jail; decedent's unknown cellmate; unknown wardens #1 and #2, jail medical staff, staff on duty, custody on duty, and DOES 1-25; the District Attorney and the Inspector General. (Id. at 2, 3, 8.)

III.    SCREENING STANDARDS

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

2

prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

IV. THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 297 F.3d 930, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011). "Section 1983 is not itself a source of substantive rights,' but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

V. DISTINCTION BETWEEN WRONGFUL DEATH AND SURVIVOR ACTIONS

"A wrongful death action is a separate claim brought by a decedent's heirs for damages they personally suffered as a result of the decedent's death." Est. of Adomako v. City of Fremont, 2018 WL 587146, at *3 n.2 (N.D. Cal. Jan. 29, 2018) (citing Hayes v. Cnty. of San

3

Diego, 736 F.3d 1223, 1229 (9th Cir. 2013)). "Survivor actions are based upon the decedent's own individual claims that he would have been entitled to file for his own injuries." Est. of Lopez ex rel. Lopez v. Torres, 105 F. Supp. 3d 1148, 1159 n.4 (S.D. Cal. Apr. 29, 2015).

Section 1983 actions may only be survival actions. See id. ("[O]nly a survivor action may be brought in a 42 U.S.C. § 1983 action."); Murphy v. Cnty. of Mendocino, 2016 WL 794458, at *2 (N.D. Cal. Mar. 1, 2016) ("To be clear, there is no 'wrongful death' claim under § 1983."); see also Herd v. Cnty. of San Bernadino, 311 F. Supp. 3d 1157, 1163-64 (C.D. Cal. 2018) (dismissing a child's individual section 1983 claim for excessive force and denial of medical treatment arising out of the shooting of her father by police and stating that the child "may not bring these claims personally because she was not directly subjected to excessive force or denied medical treatment"); J.K.J. v. City of San Diego, 2020 WL 738178, at *4 (S.D. Cal. Feb. 13, 2020) ("[T]o the extent the four federal claims, each brought under 42 U.S.C. § 1983, are intended to be wrongful death claims seeking damages for J.K.J.'s injuries, they are dismissed with prejudice."). In general, wrongful death actions by a surviving relative "cannot be brought under Section 1983, as constitutional rights cannot be vicariously asserted." Hernandez-Cortina v. Cnty. of Riverside, 2019 WL 403957, at *3 (C.D. Cal. Jan. 30, 2019).

VI.   DISCUSSION

   A. Survival Action

Plaintiff Cheryl D. Dresdner has now identified herself as the widow of Kevin Dresdner, decedent, who died on September 20, 2021. Under § 1983, a claim that accrues before an individual's death is only cognizable if state law would allow the claim to go forward as a survival action. Tatum v. City & Cnty. of S.F., 441 F.3d 1090, 1093 n.2 (9th Cir. 2006). "A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action. See 42 U.S.C. § 1988(a); Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998). Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. See Cal. Civ. P. Code § 377.30. Where there is no personal representative for the estate, the decedent's "successor in interest" may prosecute the survival action if the person purporting

to act as successor in interest satisfies the requirements of California law. . . . See Cal. Civ. P. Code §§ 377.30, 377.32." Tatum, 441 F.3d at 1093 n.2. The Court advised plaintiff Cheryl D. Dresdner of these requirements in the initial screening order. (ECF No. 6 at 2 n.2.)

A specific affidavit is required under California Civil Procedure Code § 377.32:

> (a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
>
> (1) The decedent's name.
>
> (2) The date and place of the decedent's death.
>
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
>
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
>
> (5) Either of the following, as appropriate, with facts in support thereof:
>
>> (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
>>
>> (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
>
> (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
>
> (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."
>
> (b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.
>
> (c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

Cal. Civ. Proc. Code § 377.32. Plaintiffs did not provide the required affidavit, or a certified copy

5

of the decedent's death certificate. The Court grants plaintiffs one more opportunity to provide both the required affidavit and the certified death certificate with their second amended complaint.

### B. Federal Civil Rights Claims

The Court acknowledges that decedent's death was devastating to his family, but even assuming plaintiffs may pursue an action on behalf of decedent, they cannot proceed with this action unless they can assert specific facts demonstrating a denial of a constitutional right or violation of federal law.

Because plaintiffs claim they anticipated decedent's release from jail within three days (FAC at 6), the decedent was likely a pretrial detainee. A pretrial detainee's rights arise under the Fourteenth Amendment's Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."); Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) ("[M]edical care claims brought by pretrial detainees also arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause.") (internal quotation marks and citation omitted); see also Castro v. Cnty. of L.A., 833 F.3d 1060, 1067-68 (9th Cir. 2016) (Inmates not yet convicted may sue under the Fourteenth Amendment's Due Process Clause.). Thus, if the decedent was held in the county jail as a pretrial detainee, the Fourteenth Amendment governs. See, e.g., Anderson v. Cnty. of Fresno, 2023 WL 2761168 (E.D. Cal. Apr. 2, 2023) (raising Fourteenth Amendment claims resulting from death of jail inmate).

"The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally adequate medical and mental health care." Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010), vacated sub nom. City of Reno v. Conn, 563 U.S. 915 (2011), op. reinstated in part, 658 F.3d 897 (9th Cir. 2011). The Ninth Circuit applies an objective deliberate indifference standard to pretrial detainees' claims for a failure to protect from harm or provide adequate medical care under the Fourteenth Amendment. Gordon, 888 F.3d at 1124-25 (citing Castro, 833 F.3d at 1070). To succeed on an inadequate medical care or failure-to-protect

claim, the pretrial detainee must prove:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon, 888 F.3d at 1125. "To satisfy the third element, the plaintiff must show that the defendant's actions were 'objectively unreasonable.'" Sandoval v. Cnty. of San Diego, 985 F.3d 657, 669 (9th Cir. 2021) (quoting Gordon, 888 F.3d at 1125). "[M]ere lack of due care by a state official" is insufficient to show a constitutional violation; instead, the pretrial detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Alexander v. Nguyen, 78 F.4th 1140, 1145 (9th Cir. 2023) (quoting Gordon, 888 F.3d at 1125).

In the FAC, plaintiffs' general claims of "negligent and wrongful death," as well as the list of accusations and allegations are vague and conclusory. (ECF No. 11 at 5, 9.) In other words, the FAC lacks specific facts supporting a particular constitutional violation or violation of federal law. For example, while plaintiffs allege that the "jail acted in reckless disregard" (id. at 9), they provide no specific acts or omissions that demonstrate reckless disregard or negligence. Plaintiffs claim all manner of alleged violations, but they provide no specific facts showing how each alleged violation occurred. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief.
Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 678.

Further, to the extent that plaintiffs allege that a number of defendants conducted an "incomplete investigation" following decedent's death (ECF No. 11 at 9), such claim is unavailing.  See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." (citation omitted)); see also Best v. Sonoma Cnty. Sheriffs Dep't, 2020 WL 5517192, at *6 (N.D. Cal. Sept. 14, 2020) ("Failure to conduct an internal affairs investigation or properly investigate complaints against law enforcement do[es] not amount to a violation of the due process clause of the Fourteenth Amendment.").  Plaintiffs should omit such claim in any second amended complaint.[1]

In addition, plaintiffs must connect the named defendant to the alleged constitutional violation, and must include specific charging allegations as to each defendant, even if the defendant is named as a Doe defendant.

Because plaintiffs failed to provide plausible facts supporting their claims, the FAC must be dismissed.  Plaintiffs acknowledge that the decedent "died under unknown and suspicious circumstances."  (Id. at 5.)  But plaintiffs must provide facts demonstrating a particular defendant violated plaintiff's constitutional rights or federal law.  The Court grants plaintiffs leave to file a second amended complaint.

///
///

---

[1] Based on plaintiffs' failure to provide specific facts, the Court will not attempt to provide standards for the other putative claims raised in plaintiffs' list of accusations and allegations. (ECF No. 11 at 9.)  For example, plaintiff alleges decedent was "physically harmed or assaulted while in custody," but it is unclear how he was "harmed or assaulted" and whether plaintiff maintains the decedent was assaulted by another inmate or by jail staff or someone else.  (Id.)

8

      C. <u>Defendants Named by Plaintiffs</u>

           1. "Unknown Wardens"

Plaintiffs name two unknown wardens as defendants. However, defendant Jim Cooper is the Sheriff of Sacramento County, and in that role is in charge of the Sacramento County Jail. As such, no wardens are involved in managing the Sacramento County Jail. Plaintiffs should refrain from including such wardens in any second amended complaint.

           2. "Unknown Cellmate"

Plaintiffs name the decedent's "unknown cellmate" as a defendant. (ECF No. 11 at 8.) However, inmates are private citizens who do not act under color of state law. <u>Howard v. Parks</u>, 2024 WL 4977108, *3 (E.D. Cal. May 7, 2024) ("Courts have consistently rejected attempts by prisoner plaintiffs to sue fellow inmates under § 1983.") (collecting cases). Plaintiffs should not include an inmate as a defendant in any second amended complaint.

           3. <u>Sacramento County Main Jail</u>

As a local government unit, the Sacramento County Main Jail is a proper defendant in a suit brought under 42 U.S.C. § 1983. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978); <u>Hammond v. Cnty. of Madera</u>, 859 F.2d 797, 801 (9th Cir. 1988). However, local government units may be held liable under section 1983 only where the plaintiff alleges facts showing a constitutional deprivation was caused by a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the local government unit or by the local government's final decision maker. <u>Monell</u>, 436 U.S. at 690; <u>Board of the Cnty. Comm'rs v. Brown</u>, 520 U.S. 397, 402-04 (1997); <u>Navarro v. Block</u>, 72 F.3d 712, 714 (9th Cir. 1995). In other words, a <u>Monell</u> claim exists only where the alleged constitutional deprivation was inflicted in "execution of a government's policy or custom." <u>Monell</u>, 436 U.S. at 694. Here, the FAC contains no such allegations against the Sacramento County Main Jail. Accordingly, the FAC fails to state a claim against the Sacramento County Main Jail. <u>See</u> <u>Hernandez v. Cnty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (applying <u>Iqbal's</u> pleading standards to <u>Monell</u> claims).

           4. <u>Sheriff Jim Cooper</u>

The only specific charging allegation connected to defendant Sheriff Jim Cooper is the

claim concerning the incomplete investigation, which is not a cognizable civil rights claim as described above. Unless plaintiffs can allege specific facts demonstrating Sheriff Cooper's connection to or involvement in other constitutional violations, he should not be included in any second amended complaint.

### 5. Doe Defendants

To the extent that plaintiffs intend to name Doe defendants in connection with causes of action other than the "incomplete investigation" discussed above, plaintiff must identify each Doe defendant and his or her alleged act or omission which plaintiffs contend violated the alleged constitutional rights. This is necessary to put prospective defendants on notice of their alleged actions or omissions that plaintiffs' claims violated federal rights. In order to link these Doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiffs' federal rights, in the second amended complaint, plaintiffs must either name the defendants involved, or list the Doe defendants involved. If plaintiffs can only list certain defendants as "John Doe," for example, plaintiffs must identify the John Doe as best as possible, and allege specific acts that these Doe defendants did, such as "John Doe 1 did X" and "John Doe 2 did Y." Plaintiffs are reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [] civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Further, the use of Doe defendants is problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiffs learn the identities of the "Doe" parties they wish to serve, they must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. Cnty. of L.A., 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of the proposed amended complaint raises questions as to the statute of limitations, plaintiffs must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served

with process until they are identified by their real names. The court will not investigate the names and identities of unnamed defendants. Plaintiffs must identify at least one defendant by name so that service of process can be accomplished; then plaintiffs can attempt to identify other defendants through discovery.[2] In the second amended complaint, plaintiffs should provide the name of at least one individual named as a defendant, and provide specific factual allegations as to that defendant that states a viable constitutional violation. If the claim is viable, the Court may order service of process on the named defendant.

### D. Putative State Law Claims

Although the court may exercise supplemental jurisdiction over state law claims, plaintiffs must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Moreover, if a plaintiff pursues state law claims, the plaintiff must clearly identify each claim and demonstrate compliance with the California Government Claims Act as to each claim. Cal. Gov't Code § 810 et seq. The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (2011). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act must be pled in the complaint. Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007), as modified (Oct. 10, 2007). Such requirements also apply to state law claims included in a federal action under § 1983. See Volis v. Hous. Auth. of the City of L.A. Emps., 670 F. App'x 543, 544 (Mem.) (9th Cir. 2016).

---

[2] Where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).

11

1          To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action." Cal. Govt. Code § 911.2.  Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Govt. Code, § 945.6, subd. (a)(1).  Federal courts must require compliance with the California Government Claims Act for pendant state law claims that seek damages against state employees or entities.  Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at 1477.  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Butler v. L.A. Cnty, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

         In addition, as with federal civil rights claims, plaintiffs must provide facts supporting their negligence claims under state law.  "To state a claim for wrongful death, a plaintiff must plead (1) the tort (negligence or other wrongful act), (2) the resulting death, and (3) the damages, consisting of the pecuniary loss suffered by the heirs." Whooley v. Tamalpais Union High Sch. Dist., 399 F. Supp. 3d 986, 1002-03 (N.D. Cal. 2019) (citing Lattimore v. Dickey, 239 Cal. App. 4th 959, 968 (2015)).

         In the FAC, plaintiffs failed to demonstrate compliance with the California Government Claims Act and did not provide any specific factual allegations supporting a state law negligence claim.  Plaintiffs are granted leave to file a second amended complaint.

VII.    LEAVE TO AMEND

         The Court finds the allegations in plaintiffs' FAC so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The Court determines that the FAC does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs' claim. Id.  Because plaintiffs failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the FAC must be

12

dismissed. The Court will, however, grant leave to file a second amended complaint.

If plaintiffs choose to amend the complaint, plaintiffs must demonstrate how the conditions about which they complain resulted in a deprivation of their constitutional rights. See e.g., West, 487 U.S. at 48. Also, the second amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

By signing a second amended complaint, plaintiffs certify that they made reasonable inquiry and have evidentiary support for their allegations, and for violations of this rule the court may impose sanctions sufficient to deter repetition by plaintiffs or others. Fed. R. Civ. P. 11.

In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiffs' second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiffs file a second amended complaint, the original and amended complaints no longer serve any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' amended complaint (ECF No. 11) is dismissed.

2. Within sixty days from the date of this order, plaintiffs shall complete the attached Notice of Amendment and submit the following documents to the Court:

    a. The completed Notice of Amendment;

13

    b. An original of the Second Amended Complaint signed by all plaintiffs;

    c. The affidavit required under Cal. Civ. Proc. Code § 377.32; and

    d. A certified copy of Kevin Dresdner's death certificate.

Plaintiffs' second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

  Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

  4. The Clerk of the Court is directed to send plaintiff Cheryl D. Dresdner the form for filing a civil rights complaint by a nonprisoner.

  5. The Clerk of the Court is directed to add two plaintiffs to the Court's docket:

    Zachary A. Dresdner, 5628 Redwood Street, San Diego, CA 92105; (619) 394-9531; and

    Chelsey N. Dresdner, P.O. Box 3278, Running Springs, CA 92382; (619) 647-8520.

Dated: February 24, 2025

                _____
                CHI SOO KIM
                UNITED STATES MAGISTRATE JUDGE

/1/dres2038.14b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL D. DRESDNER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SACRAMENTO COUNTY JAIL AND SHERIFFS, <br><br> Defendants. | No. 2:23-cv-2038 CSK P <br><br><br> NOTICE OF AMENDMENT |

Plaintiffs submit the following document in compliance with the court's order filed on _____ (date).

☐ Second Amended Complaint, the affidavit required under Cal. Civ. Proc. Code § 377.32, and a certified copy of Kevin Dresdner's death certificate. (Check this box if submitting a Second Amended Complaint, affidavit and certified death certificate.)

DATED:

                                         _____
                                         Plaintiff Cheryl D. Dresdner

                                         _____
                                         Plaintiff Zachary A. Dresdner

                                         _____
                                         Plaintiff Chelsey N. Dresdner