UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL D. DRESDNER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:23-cv-2038 DAD CSK P<br><br><br><br>ORDER |

Plaintiffs proceed pro se and allege the wrongful death of inmate Kevin Dresdner while he was incarcerated in the Sacramento County Main Jail. Plaintiff Cheryl D. Dresdner, decedent's widow, was granted leave to proceed in forma pauperis. (ECF No. 6.) Plaintiffs seek relief under the Eighth Amendment based on federal question jurisdiction. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On February 25, 2025, the Court dismissed plaintiffs' first amended complaint with leave to amend. (ECF No. 12.) Following extensions of time, plaintiffs filed a second amended complaint. (ECF No. 19.)

I.  PLAINTIFFS' ALLEGATIONS

Plaintiffs name seven defendants: Sacramento County Jail ("SCJ"); Jim Cooper, Sacramento County Sheriff; Adult Correctional Health ("ACH"); California Department of Corrections and Rehabilitation ("CDCR"); Chris Carlson, Parole Officer; Dylan Schmidt, Social Worker; and Deputy Arnold. (ECF No. 19 at 2-5.)

1

Decedent Kevin Dresdner was a parolee sentenced to ninety days in the Sacramento County Jail for a parole violation sustained on August 10, 2021. Plaintiffs aver that decedent was known to the jail facility as a high risk inmate with severe mental health issues, with a history of substance and alcohol abuse. (Id. at 7.) On September 20, 2021, decedent was found unresponsive in his cell, with seven fractured ribs, petechiae of his eyes, blood in his throat, and a swollen tongue. (Id. at 8.)

In the first and second claims, plaintiffs allege that decedent's due process rights were violated by defendant Chris Carlson's failure to provide decedent with an evidentiary hearing and failure to appoint counsel at decedent's parole hearing. (Id. at 7.)

In the third claim, plaintiffs allege that defendants SCJ, Dylan Schmidt, ACH, and Does 1-20, violated decedent's Eighth Amendment rights as well as privacy laws under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by sharing decedent's private and sensitive health and mental health information over twelve times in non-confidential settings, i.e. cell-side, exposing protected health information to other inmates, making decedent a "vulnerable target in a hostile environment." (Id.)

In the fourth claim, plaintiffs allege defendants SCJ, Dylan Schmidt, Deputy Arnold, and Does 1-20 were deliberately indifferent to decedent's health and safety by delaying his move and returning him to an unsafe environment, ignoring his serious needs and failing to monitor and observe him for his safety. (Id. at 8.)

In the fifth claim, plaintiffs allege that defendants SCJ, Deputy Arnold, Dylan Schmidt, ACH, and "Does" failed to monitor and protect the safety of decedent, who told SCJ staff of his "high level of anxiety, depression and fear" on the day he died, September 20, 2021. (Id.) Plaintiffs aver that defendants' failure to recognize suicide warning signs constituted deliberate indifference to decedent's serious medical needs. (Id.)

In the sixth claim, plaintiffs allege that "[i]f it weren't for the inadequate monitoring, supervision, customs, training and policies enacted under sheriff Jim Cooper, decedent's death could have been prevented." (Id.)

Plaintiffs seek money damages. (Id. at 10.) Plaintiffs provided a copy of decedent's death

certificate, and an affidavit pursuant to California Civil Procedure Code § 337.32. (Id. at 11-18.)

II.     COGNIZABLE CLAIMS

In his third, fourth, and fifth claims, plaintiffs allege that defendants Deputy Arnold and Dylan Schmidt, a social worker, were deliberately indifferent to decedent's serious medical and mental health needs in violation of the Eighth Amendment. Because decedent was a convicted inmate at the time of his death, plaintiffs' claims are based on the Eighth Amendment.

The Eighth Amendment guarantees that inmates receive constitutionally adequate medical and mental health care. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A heightened suicide risk or an attempted suicide is a serious medical need under the first prong. See Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010), cert. granted, judgment vacated sub nom. City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), and opinion reinstated, 658 F.3d 897 (9th Cir. 2011).

Plaintiffs allege that decedent was known to the jail facility as a high-risk inmate with severe mental health issues, and on the day he died, decedent informed jail staff of his high level of anxiety, depression and fear, yet defendants failed to monitor decedent and take steps to prevent his death. (ECF No. 19 at 8.) In addition, decedent had asked several times to be moved from his cell after physical altercations with cellmates; however, the move was delayed, and

1 decedent was returned to an unsafe environment demonstrating defendants' deliberate
2 indifference by ignoring this risk to his safety.  The Court reviewed plaintiffs' second amended
3 complaint and liberally construing plaintiffs' claims, and for the limited purposes of § 1915A
4 screening, finds that plaintiffs' third, fourth and fifth claims state potentially cognizable Eighth
5 Amendment claims against defendants Dylan Schmidt and Deputy Arnold.  See 28 U.S.C.
6 § 1915A.

7 III.    NONCOGNIZABLE CLAIMS

8 For the reasons stated below, the Court finds that the second amended complaint does not
9 state a cognizable claim against defendants Chris Carlson, SCJ, ACH, Jim Cooper and CDCR, or
10 based on a violation of HIPAA.  These claims are dismissed, as set forth below.

11 A.    Defendant Chris Carlson

12 Plaintiffs' first two claims alleging due process violations by defendant Chris Carlson are
13 unclear.  (ECF No. 19 at 7.)  No context is provided for claim one; the Court is unable to tell
14 whether decedent was entitled to an evidentiary hearing.   Similarly, it is unclear whether
15 decedent was denied counsel at the parole violation hearing or when he was seeking parole from
16 prison.  These contexts would also assist the Court in determining whether "parole officer" refers
17 to a parole agent or a member of the parole board.  This distinction is important to determine
18 whether immunity applies.  For example, parole board officials enjoy absolute immunity from
19 suit "when processing parole applications."  Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.),
20 cert. denied, 454 U.S. 1102 (1981); Brown v. Cal. Dep't of Corr., 554 F.3d 747, 751 (9th Cir.
21 2009) ("[P]arole board members are entitled to absolute immunity for parole board decisions.").
22 Further, plaintiffs have not demonstrated that such due process claims were not extinguished
23 upon the death of decedent.  Indeed, under either context, the Court could not remedy either due
24 process violation by ordering a new hearing for decedent.  Thus, plaintiffs' due process claims
25 against defendant Chris Carlson are dismissed with leave to amend.

26 B.    Defendants SCJ and ACH

27 Municipalities and other local government units are among those "persons" to whom
28 § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties

4

and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Local government sub-units, however, are not generally considered "persons" within the meaning of Section 1983. See Vance v. County of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996) (stating that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality" and dismissing the Santa Clara Department of Corrections from the action); see also Sanders v. Aranas, 2008 WL 268972, at *3 (E.D. Cal. Jan. 29, 2008) (finding that the Fresno Police Department cannot be sued under Section 1983 because it is a sub-division of the City of Fresno).

A local government, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Municipal liability must rest on the actions of the municipality, and not on the actions of its employees or officers. See id. To assert municipal liability, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.; Castro v. Cnty. of L.A., 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc).

Here, the Sacramento County Jail ("SCJ") is not a proper defendant in a claim under § 1983 because it is a department of Sacramento County. McCoy v. Sac Cnty. Jail, 2023 WL 1477638, at *3 (E.D. Cal. Feb. 2, 2023). It also appears that defendant Adult Correctional Healthcare ("ACH") is a municipal department. As such, defendant ACH is not a proper defendant in a claim brought pursuant to § 1983. See Vance, 928 F. Supp. at 996.

It is unclear whether plaintiffs can amend their pleading to state a cognizable claim against Sacramento County. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell, 436 U.S. at 690; however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. See Bd. of Cnty. Comm'rs. of Bryan Cnty., 520 U.S. at 403; Monell, 436 U.S. at 691. Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See Monell, 436 U.S. at 690.

1      However, to impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal quotation marks omitted)).

Plaintiffs' policy allegations are too vague and conclusory to determine whether plaintiffs can state a cognizable claim against Sacramento County. However, plaintiffs are granted leave to amend to name Sacramento County as a defendant provided plaintiffs are able to allege specific facts meeting the above standards.

C.  Defendant Jim Cooper

The sole allegation as to defendant Sacramento County Sheriff Jim Cooper is that "[i]f it weren't for the inadequate monitoring, supervision, customs, training and policies enacted under Sheriff Jim Cooper, decedent's death could have been prevented." (ECF No. 19 at 8.)

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 297 F.3d 930, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiffs may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202,

6

1208 (9th Cir. 2011). "Section 1983 is not itself a source of substantive rights,' but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations or the failure to train or supervise are not sufficient to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011) (citation omitted).

A supervisor's failure to train or supervise subordinates may give rise to individual liability under § 1983 where the defendant "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014). "Under this standard, the plaintiff must allege facts to show that the official disregarded the known or obvious consequence that a particular omission in their training program would cause municipal employees to violate citizens' constitutional rights." Hyde v. City of Wilcox, 23 F.4th 863, 874 (9th Cir. 2022) (internal quotations, brackets, ellipsis, and citations removed).

Here, plaintiffs' sole allegation as to defendant Jim Cooper merely concludes he is liable, without setting forth specific facts or identifying particular policies. Such conclusory statement is insufficient to state a cognizable Eighth Amendment violation or policy or failure to train theory of supervisor liability. Plaintiffs' claims are dismissed with leave to amend.

D. Defendant CDCR

Plaintiffs included no specific charging allegations against the CDCR. In any event, based on plaintiffs' allegations, a claim against the CDCR would be barred. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Thus, plaintiffs' claims against the CDCR are legally frivolous and must be dismissed.

     E. <u>HIPAA Claim</u>

Plaintiffs challenge the disclosure of decedent's medical and mental health information under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Plaintiffs are correct that decedent's medical and mental health information is private, or confidential.[1] However, HIPAA does not provide any private right of action. <u>U.S. v. Streich</u>, 560 F.3d 926 (9th Cir. 2009); <u>Webb v. Smart Document Solutions, LLC</u>, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no right of action."). Accordingly, plaintiffs' HIPAA claim is barred.

IV.    PLAINTIFF'S OPTIONS

Plaintiffs may proceed forthwith to serve defendants Deputy Arnold and Dylan Schmidt based on plaintiffs' third, fourth, and fifth claims that defendants Deputy Arnold and Dylan Schmidt were deliberately indifferent to decedent's serious medical and mental health needs in violation of the Eighth Amendment and pursue their claims against only those defendants or plaintiffs may delay serving any defendant and attempt again to state a cognizable claim against defendants Chris Carlson and Sheriff Jim Cooper, as well as Sacramento County. If plaintiffs elect to proceed forthwith against defendants Deputy Arnold and Dylan Schmidt, against whom plaintiffs stated potentially cognizable claims for relief, then within thirty days plaintiffs must so elect on the appended form. In this event the Court will construe plaintiff's election as consent to dismissal of the noncognizable claims and the remaining defendants without prejudice. Under this option, plaintiffs do not need to file a third amended complaint.

Or, plaintiffs may delay serving any defendant and attempt again to state a cognizable claim against defendants Chris Carlson and Jim Cooper, as well as Sacramento County. If plaintiffs elect to attempt to amend the second amended complaint to state a cognizable claim against defendants Chris Carlson and Jim Cooper, as well as Sacramento County, plaintiffs have thirty days to do so.

Any third amended complaint must show the federal court has jurisdiction, the action is

---

[1] "A provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization. . . ." California Civil Code § 56.10(a) (exceptions provided in subdivision (b) or (c) not applicable here).

8

1  brought in the right place, and plaintiffs are entitled to relief if plaintiffs' allegations are true.  It
2  must contain a request for particular relief.  Plaintiffs must identify as a defendant only persons
3  who personally participated in a substantial way in depriving decedent of a federal constitutional
4  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
5  deprivation of a constitutional right if he does an act, participates in another's act or omits to
6  perform an act he is legally required to do that causes the alleged deprivation).

7      A district court must construe a pro se pleading "liberally" to determine if it states a claim
8  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
9  opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While
10 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of
11 action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678
12 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiffs must set forth
13 "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
14 Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

20 Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions
21 can provide the framework of a complaint, they must be supported by factual allegations, and are
22 not entitled to the assumption of truth.  Id.

23     Any amended complaint must be complete in itself without reference to any prior
24 pleading.  Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th
25 Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as
26 non-existent.'" (internal citation omitted)).  Once plaintiffs file a third amended complaint, the
27 original pleading is superseded.
28 ///

## V. MOTION TO COMPEL

On August 27, 2025, plaintiffs filed a motion to compel discovery. (ECF No. 18.) The Court finds that plaintiff's motion to compel discovery is premature. Plaintiffs did not file their second amended complaint until September 15, 2025, and the Court had not yet screened the second amended complaint to determine whether the pleading was sufficient to state a cognizable § 1983 claim. Thus, plaintiffs' motion to compel discovery is premature. Once a discovery and scheduling order has issued, plaintiffs may propound discovery requests to defendants. Therefore, plaintiff's motion to compel discovery is denied without prejudice.

## VI. MOTION TO FILE DOCUMENTS ELECTRONICALLY

On September 15, 2025, plaintiff Cheryl D. Dresdner filed a motion for permission to file documents electronically. (ECF No. 22.) Plaintiff Cheryl D. Dresdner states that she has access to the necessary technology, including a computer with internet access, and a valid email address, and has a PACER account and is aware of the requirements and is willing to follow them. (Id. at 2.) She states that she understands and will comply with the requirements of the Court's electronic filing system, including local rules and guidelines, and acknowledges that electronic filings must be in a format specified by the Court and be compliant with all applicable regulations. (Id.) Plaintiff Cheryl D. Dresdner, who lives in Santee, California, far from the Court, states that she would benefit from electronic filing for the convenience, efficiency and cost effectiveness it would offer due to "time constraints and the distance." (Id.)

Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3).

At this juncture, the Court does not find good cause to depart from the normal filing procedure for unrepresented litigants, and will deny plaintiff Cheryl D. Dresdner's request without prejudice to renewal at a later date. In the meantime, the Court will grant permission for plaintiff Cheryl D. Dresdner to receive Court orders and findings and recommendations by email.

She should notify this Court's courtroom deputy, Alexandra Waldrop, **awaldrop@caed.uscourts.gov**, of the appropriate e-mail address for Court orders to be sent to plaintiff Cheryl D. Dresdner.

VII.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendants Chris Carlson and Jim Cooper are dismissed with leave to amend. Within thirty days of service of this order, plaintiffs may amend the second amended complaint to attempt to state cognizable claims against these defendants, as well as Sacramento County. Plaintiffs are not obligated to amend their pleading.

2. The allegations in the second amended complaint are sufficient at least to state potentially cognizable claims against defendants Deputy Arnold and Dylan Schmidt. See 28 U.S.C. § 1915A. If plaintiffs choose to proceed solely as to such claims, plaintiffs shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiffs' election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

3. Failure to comply with this order will result in a recommendation that the noncognizable claims be dismissed, and this action proceed on plaintiffs' Eighth Amendment claims against defendants Deputy Arnold and Dylan Schmidt.

4. Plaintiff's motion to compel discovery (ECF No. 18) is denied without prejudice.

5. Plaintiff's motion to file electronically (ECF No. 220 is denied without prejudice, but plaintiff Cheryl D. Dresdner is granted permission to receive Court orders and findings and recommendations electronically as set forth above.

Dated: November 03, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/dres2038.14o

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL D. DRESDNER, et al, <br><br> Plaintiffs, <br><br> v. <br><br> SACRAMENTO COUNTY JAIL, et al., <br><br> Defendants. | No. 2:23-cv-2038 DAD CSK P <br><br><br> NOTICE OF ELECTION |

Plaintiffs elect to proceed as follows:

_____    Plaintiffs opt to proceed with their Eighth Amendment claims against defendants Deputy Arnold and Dylan Schmidt. Under this option, plaintiff consents to dismissal of the HIPAA claim and defendants CDCR, SCJ, and ACH with prejudice, and consents to dismissal of defendants Chris Carlson and Jim Cooper without prejudice.

**OR**

\_\_\_\_\_    Plaintiffs opt to file a third amended complaint and delay service of process.

DATED:

_____
Plaintiff

1