UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL D. DRESDNER, et al., Plaintiff, v. SACRAMENTO COUNTY JAIL, et al., Defendants. | No. 2:23-cv-2038 DAD CSK P ORDER |

Plaintiff Cheryl D. Dresdner (hereafter "plaintiff"), who proceeds in forma pauperis, filed a motion for extension of time to file an opposition to defendant's May 22, 2026, motion to dismiss. On June 25, 2026, she filed an opposition. (ECF No. 40.) Good cause appearing, her motion for extension of time is granted, and her opposition is deemed timely.

On June 17, 2026, plaintiff submitted 21 subpoenas to produce documents, information or objects. (ECF No. 42.) The Court construes plaintiff's submission as a request to issue subpoenas duces tecum.

Proper reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)1 and 45(c)(1). In addition, this court has required that a motion for issuance of a subpoena duces tecum be

supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, 2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal. 2010). Moreover, the court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required pursuant to Fed. R. Civ. P. 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," Austin v. Winett, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

Here, although each subpoena is directed to the Sacramento County Jail, none of the subpoenas are completed indicating what information is sought and from whom. (Id.) Moreover, plaintiff's submissions are premature because findings and recommendations are pending before the district court (ECF No. 30), and the motion to dismiss filed by defendant Arnold (ECF No. 40) is submitted for decision. Finally, the Court has not yet issued its discovery and scheduling order. Once the Court issues its discovery and scheduling order, plaintiff may be able to seek discovery from defendant Dylan Schmidt rather than by way of subpoena. See Fed. R. Civ. P. 26(b)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 39) is granted.

2. Plaintiff's opposition (ECF No. 40) is deemed timely.

3. Plaintiff's request to issue subpoenas duces tecum (ECF No. 42) is denied without prejudice.

Dated: July 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/dres2038.eot.subp