UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL D. DRESDNER, et al., Plaintiffs, v. SACRAMENTO COUNTY JAIL, et al., Defendant. | No. 2:23-cv-2038 DAD CSK PS<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING</u><br><br>(Doc. Nos. 29, 30) |

Plaintiffs are proceeding *pro se* in this wrongful death civil rights action, initiated on September 20, 2023, seeking relief in connection with the death of Kevin S. Dresdner while he was incarcerated at the Sacramento County Jail. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On March 10, 2026, the magistrate issued findings and recommendations recommending upon screening that plaintiff's third amended complaint (TAC) be stricken as untimely, plaintiff's claims against defendants Carlson and Sacramento County Sherriff Cooper as well as the putative claims against Sacramento County be dismissed without prejudice but without further leave to amend because permitting further amendment would be futile at this time, plaintiff's claims against defendants Sacramento County Jail, Adult Correctional Health and the California

/////

Department of Corrections and Rehabilitation be dismissed with prejudice, and plaintiff's HIPAA claim also be dismissed with prejudice. (Doc. No. 30.)

Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days. (*Id.* at 10.) On March 23, 2026, plaintiff Cheryl D. Dresdner filed objections to the pending findings and recommendations. (Doc. No. 33.) In those objections plaintiff Dresdner focuses primarily on the striking of the TAC in which plaintiffs named Doe defendants and explains the efforts taken by plaintiffs to identify those Doe defendants, as yet without success. (*Id.* at 1–3.) However, plaintiff Dresdner appears to not fully appreciate the nature of the recommendation, in which the magistrate judge stated:

> Plaintiffs have now identified two individuals by name, so the Court will not further delay this case by requiring plaintiffs to file yet another amended pleading. Such amendment at this juncture is unnecessary because Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Once defendants Dylan Schmidt and Deputy Arnold have appeared in this action, plaintiffs may seek the identity of additional defendants through discovery. Should plaintiffs learn the identities of the "Doe" parties they wish to serve, they must promptly file a motion to amend pursuant to Rule 15 to file a third amended complaint to add the newly-identified individuals as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiffs must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Further, unknown persons cannot be served with process until they are identified by their real names, and the court will not investigate the names and identities of unnamed defendants.

(Doc. No. 30 at 3.) Moreover, it is only recommended that plaintiffs' claims against defendants Sacramento County Jail, Adult Correctional Health and the California Department of Corrections and Rehabilitation, as well as plaintiff's HIPAA claim, be dismissed with prejudice. (Doc. No. 30 at 10.) Thus, if the pending recommendations is adopted and during the course of discovery in this action plaintiffs learn the identities of the Doe defendants and believe they can state cognizable claims against them or against currently named defendants Carlson and/or Cooper, they may move for further leave to amend their complaint if they can make the required showing

/////

in support of such a motion. In short, plaintiffs' objections do not provide a well-supported basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations (Doc. No. 30) are adopted in full;
2. Plaintiffs' third amended complaint (Doc. No. 29) is stricken as untimely;
3. Plaintiffs' claims against defendants Chris Carlson and Jim Cooper, and their putative claims against defendant Sacramento County, are dismissed without prejudice but without further leave to amend at this time;
4. Plaintiffs' claims brought against defendants Sacramento County Jail, Adult Correctional Health and the California Department of Corrections and Rehabilitation are dismissed with prejudice;
5. Plaintiffs' HIPAA claim is dismissed with prejudice; and
6. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE